UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI WATSON,<br><br>                           Plaintiff,<br>v.<br><br>BANK OF AMERICA, N. A.,<br><br>                           Defendant. | Case No.: 25-cv-893-RSH-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 15] |

      Pending before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). ECF No. 15. For the reasons below, the Court grants in part and denies in part the motion.

**I.    BACKGROUND**

      On April 15, 2025, plaintiff Lori Watson filed this lawsuit against defendant Bank of America, N.A. ECF No. 1. On June 13, 2025, Defendant filed a motion to dismiss Plaintiff's original complaint. ECF No. 9. On June 27, 2025, Plaintiff filed her Amended Complaint, the operative pleading. ECF No. 10.

      The Amended Complaint alleges as follows. As a result of an auto accident, Plaintiff

became unable to work and received disability benefits from the State of California Employment Development Department ("EDD"). *Id.* ¶ 9. EDD set up a disability benefits account in Plaintiff's name at Bank of America, and Plaintiff was provided with a Bank of America debit card to make withdrawals. *Id.* ¶ 10.

Plaintiff alleges that between January 2023 and July 2023, the total sum of $20,745.06 was withdrawn from her account through twenty-one withdrawals made without Plaintiff's authorization or knowledge. *Id.* ¶ 12, 13. Four of these withdrawals were allegedly made from a teller window inside a Bank of America branch around 3am, during which time the window was closed to the public. *Id.* ¶¶ 21, 24. Plaintiff alleges that these and other transactions were "obviously suspicious in nature." *Id.* ¶ 18. For example, another suspicious charge was made in Chicago on the same day that Plaintiff made a cash withdrawal from an ATM in San Diego. *Id.* ¶ 19.

Plaintiff alleges that when she notified Defendant that there had been unauthorized withdrawals in her account, Defendant's representatives denied her assertions and insisted she had made the withdrawals. *Id.* ¶ 23. One such communication occurred in a face-to-face meeting between Plaintiff and a branch manager at a San Diego branch. *Id.* In the face of Plaintiff's continued insistence that the withdrawals had been unauthorized, Defendant's representatives sent Plaintiff letters dated May 6, 2024 and July 29, 2024, disputing her assertions. *Id.* ¶¶ 30, 31. On one occasion, Defendant's representatives provided Plaintiff a photo of herself taken at an ATM as evidence that she had made the withdrawals herself; but according to Plaintiff, this photo did not correspond to any of the dates for which she claims an unauthorized withdrawal, and moreover involved her withdrawal of funds from a different bank account she maintained at Bank of America. *Id.* ¶ 34.

Plaintiff alleges on information and belief—presumably based on the timestamps involved in the teller window withdrawals—that the unauthorized withdrawals were in fact made by Defendant's employees. *Id.* ¶¶ 38, 47, 76. Plaintiff further alleges that Defendant failed to report the suspicious activity as required by federal regulations, and that Defendant denied Plaintiff's assertions of unauthorized withdrawals in order to cover up

insider theft. *Id.* ¶¶ 36-38. As a result of the foregoing, Plaintiff suffered distress. *Id.* ¶ 44.

The Amended Complaint brings claims for: (1) negligence, (2) gross negligence, (3) negligence per se, (4) fraud, (5) conversion, (6) intentional infliction of emotional distress, and (7) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*[1]

On July 28, 2025, Defendant filed the instant motion to dismiss. ECF No. 15. The motion is fully briefed. ECF Nos. 16 (Opposition), 19 (Reply).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Iqbal*, 556

---

[1]   Plaintiff has voluntarily dismissed her negligence per se claim (Claim Three). ECF No. 16 at 13, 20.

1  U.S. at 678-79). Likewise, "conclusory allegations of law and unwarranted inferences are
2  not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.
3  1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After
4  eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual
5  allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they
6  plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003.
7  Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to
8  support the claim or when there is an absence of sufficient factual allegations to support a
9  facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d
10 1035, 1041 (9th Cir. 2010).

11  For claims alleging "fraud or mistake," a heightened pleading standard applies.
12 Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with
13 particularity the circumstances constituting fraud," including "an account of the 'time,
14 place, and specific content of the false representations as well as the identities of the parties
15 to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)
16 (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). "Averments
17 of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct
18 charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting
19 *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *see also Kearns v. Ford Motor Co.*,
20 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances
21 constituting the alleged fraud be specific enough to give defendants notice of the particular
22 misconduct . . . so that they can defend against the charge and not just deny that they have
23 done anything wrong.") (citation and internal quotation marks omitted). A pleading must
24 also identify "what is false or misleading about the purportedly fraudulent statement, and
25 why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020), 966
26 F.3d at 1019 (quoting Davidson v. Kimberly–Clark Corp., 889 F.3d 956, 964 (9th Cir.
27 2018)).

28  "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for

failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess*, 317 F.3d at 1107. "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Id.*

## III. ANALYSIS

### A. Statute of Limitations

Defendant moves to dismiss Plaintiff's claims for negligence, fraud, and intentional infliction of emotional distress on the grounds that they are improper attempts to evade the one-year statute of limitations contained in the Electronic Funds Transfer Act ("EFTA"). ECF No. 15 at 5-7, 10, 15. Defendant quotes *Hensler v. City of Glendale*, 8 Cal. 4th 1, 23 (1994), which states that "[t]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations . . . ."

Here, the nature of Plaintiff's claims are common-law causes of action for negligence, fraud, and intentional infliction of emotional distress. The statute of limitations for these claims is not abbreviated by operation of law simply because Plaintiff might bring a similar claim under EFTA, or because she brought a similar claim under EFTA in her original complaint. *See, e.g.*, *Carmel v. Mizuho Bank*, Ltd., No. LA CV18-2483 JAK (Ex), 2019 WL 10186488, at *13 (C.D. Cal. Nov. 14, 2019) ("The statutes of limitations relating to claims arising under federal law as cited by Defendant . . . do not apply here. Plaintiff does not claim a violation of a federal statute, but rather alleges common law fraud and negligence."); *Lusinyan v. Bank of Am., N.A.*, No. CV-14-9856 DMG (JCx), 2015 WL 12777225, at *3 (C.D. Cal. May 26, 2015) ("Although Bank of America asks the Court to dismiss the transactions as barred by the statute of limitations under the EFTA, the Court does not need to reach that issue because Plaintiffs have not pleaded an EFTA claim."). Defendant does not contend that EFTA preempts Plaintiff's state-law claims. Defendant's argument for dismissal based on EFTA's statute of limitations is without merit.

//

### B. Negligence Claims

Defendant next argues that Plaintiff fails to adequately plead the elements of negligence. "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2); breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pacific Bell*, 225 Cal. App. 3d 1557, 1564 (Ct. App. 1990)).

Here, Plaintiff's theory of negligence is that Bank of America breached its duty of care to Plaintiff, a customer, by failing to protect the funds she deposited from theft by the bank's own employees. "It is well established that a bank has 'a duty to act with reasonable care in its transactions with its depositors . . . .'" *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 543 (Ct. App. 1998) (quoting *Bullis v. Sec. Pac. Nat'l Bank*, 21 Cal. 3d 801, 808 (1978)). This duty logically extends to alleged transactions in which the bank's own employees steal Plaintiff's bank deposits.[2] *See Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 741 (Ct. App. 2010) ("[A] bank can be subject to tort liability to a depositor for misconduct in connection with an account."). The Court declines to dismiss Claim One (negligence).

Defendant also argues that Claim Two, for "gross negligence," is subject to dismissal. "California does not recognize a distinct common law cause of action for gross negligence apart from negligence." *Jimenez v. 24 Hour Fitness USA, Inc.*, 237 Cal. App. 4th 546, 552 n.3 (Ct. App. 2015). Instead, gross negligence is "a degree of negligence." *Id.* Here, Claim Two is redundant of Claim One, and is dismissed as a separate claim.

//

---

[2] Although the Amended Complaint at times describes these withdrawals as "fraudulent," Plaintiff's claim for negligence is based on Defendant's failure to prevent these unauthorized withdrawals by Defendant's employees, rather than on misrepresentations made by those employees to effectuate the withdrawals. The Court concludes that Plaintiff's negligence claim as pleaded is not grounded in fraud or subject to Rule 9(b).

## C. Fraud Claim

The Amended Complaint brings a claim for "fraud pursuant to [Cal.] Civil. Code § 3294." ECF No. 1 at 13. Section 3294 provides for exemplary damages in certain circumstances, but by its terms does not create a cause of action for fraud. *See, e.g.*, *Larson v. Conewango Prods., Corp.*, No. CV F 09-1060 LJO SMS, 2010 WL 1135987, at *7 (E.D. Cal. Mar. 22, 2010) ("A separate claim for punitive damages [under Cal. Civ. Code § 3294] is not cognizable under California law because punitive damages is merely a remedy.").

Even if the Court were to construe the claim as common law fraud, Plaintiff fails to state a claim. Under California law, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)). As discussed above, pursuant to Rule 9(b), fraud must be pleaded with particularity.

Here, Plaintiff's fraud claim is based on Defendant's denials of the assertions that Plaintiff made to Defendant, before filing suit, that her funds had been withdrawn by others. ECF No. 10 ¶ 68. The Amended Complaint alleges "acts of misrepresentation" by Defendant, *id.* ¶ 69, but it is unclear to the Court which denials are alleged to satisfy the elements of common law fraud. The "Factual Allegations" section of the Amended Complaint refers to (1) a meeting that Plaintiff had with a bank manager in July 2023; (2) a letter from Defendant dated May 6, 2024; and (3) a letter from Defendant dated July 29, 2024, but the Amended Complaint does not specify whether these or other incidents are the basis for Plaintiff's fraud claim. Plaintiff does not identify, in connection with any of these incidents, the entirety of "the who, what, when, where, and how" of the misconduct, precisely what statements were false or misleading, and how they were false or misleading. The Amended Complaint also does not plead the elements of common law fraud as to any of these episodes, much less plead facts with the requisite particularity that establish the elements of fraud as to each alleged episode. Claim Four is therefore dismissed.

### D. Conversion

Defendant argues that Plaintiff fails to state a claim for conversion, "because funds deposited in a bank account cannot be the subject of a conversion claim under California law." ECF No. 15-1 at 17.

The elements of a conversion claim are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages . . . ." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). Defendant argues that the first element does not apply, because when a customer deposits money with a bank, legal title to that money passes to the bank. ECF No. 15-1 at 17-18.

One district court has remarked that "California's appellate courts appear to have taken somewhat conflicting positions on such a claim." *Mace v. JPMorgan Chase Bank, N.A.*, No. CV 22-3431 PA (PVCx), 2022 U.S. Dist. LEXIS 136532, at *6 (C.D. Cal. July 21, 2022). The district court contrasted *Lee v. Bank of America*, 218 Cal. App 3d 914, 920 (Ct. App. 1990), which described "[t]he relationship between a bank and its depositor [a]s that of debtor and creditor" and sustained a demurrer to a conversion claim against the bank, with *Fong v. East West Bank*, 19 Cal. App. 5th 224, 232 (Ct. App. 2018), which rejected that argument. *Fong* determined that cases after the 1940s "make clear that there is no special rule preventing a depositor from pursuing a conversion action against the bank that holds his or her money," and reversed a grant of summary judgment to the bank. *Fong*, 19 Cal. App. 5th at 232. Faced with these authorities, the district court declined to dismiss the conversion claim at the pleadings stage. *Mace*, 2022 U.S. Dist. LEXIS 136532, at *6-7. Other district courts have denied motions to dismiss similar conversion claims, on the grounds that "the most-recent of the California Court of Appeals' pronouncements on this topic, *Fong*," would "carry the day." *Fastapp, Inc. v. JPMorgan Chase Bank, N.A.*, No. 22-cv-308-GW-JDEX, 2022 WL 3012534, at *4 (C.D. Cal. May 20, 2022); *accord Lair v. Bank of Am., N.A.*, No. 5:23-cv-1345-WLH-SHK, 2024 WL 943945, at *5 (C.D. Cal. Jan.

26, 2024).[3] This Court similarly follows the more recent pronouncement of the California Court of Appeal in *Fong* and declines to dismiss Plaintiff's conversion claim.[4]

### E. Intentional Infliction of Emotional Distress

Defendant next argues that the Amended Complaint fails to state a claim for intentional infliction of emotional distress ("IIED"). "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citations and internal quotation marks omitted). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–51 (internal quotation marks omitted). The defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.* at 1051.

Plaintiff's IIED claim is seemingly based on Bank of America's denial of Plaintiff's pre-lawsuit assertions that someone other than herself had withdrawn money from her account. ECF No. 1 ¶¶ 81-83. Plaintiff's IIED allegations are substantially similar to her

---

[3] Defendant seeks to distinguish *Fong* on the grounds that that case addressed "wrongful transfers from certificates of deposit, money market accounts, and CDARS accounts, not a standard deposit account like the one at issue here." ECF No. 19 at 8. The Court finds this distinction unavailing. In rejecting the bank's argument in that case "that a bank cannot convert its depositor's funds because deposited funds are the property of the bank, not the depositor," the Court of Appeal did not distinguish between the type of deposits at issue. 19 Cal. App. 5th at 231. Instead, the Court of Appeal surveyed a wide range of "financial interest[s]" that can be the subject of a conversion claim, and concluded that the plaintiff could bring his conversion claim "against the bank where he kept accounts." *Id.* at 242.

[4] The Court determines that Plaintiff's conversion claim as pleaded—like her claim for negligence—is not grounded in fraud and is not subject to the pleading standard of Rule 9(b).

fraud allegations, which her IIED claim incorporates by reference. Additionally, in alleging outrageous conduct, the Amended Complaint describes Defendant's acts as "misrepresentations and deceit," and alleges that Defendant acted with "fraud." *Id.* ¶¶ 85, 86. The Court determines that Plaintiff's IIED claim here is grounded in fraud and is subject to the heightened pleading standard of Rule 9(b). *See Vess*, 317 F.3d at 1107.

As discussed above, Plaintiff fails to meet this standard by identifying each incident of fraud that is the subject of her IIED claim, pleading such incidents with particularity, and alleging facts that plausibly establish each element of the cause of action. To the extent that Plaintiff intends that her IIED claim is *not* alleging fraud—but is simply based on Defendant's non-deceptive denials of her assertions—such allegations would fail to establish "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes*, 46 Cal. 4th at 1050. Claim Six is therefore dismissed.

### F.  UCL Violation

The Amended Complaint alleges that Defendant violated California's Unfair Competition Law ("UCL") by engaging in unlawful and unfair business practices. ECF No. 10 at ¶¶ 92, 99. To state a UCL claim for unlawful business practices, a plaintiff must plead a violation of an underlying law which the UCL "borrows" and "makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (citations omitted). The Court, having determined that the Amended Complaint states a claim for negligence based on the alleged theft of Plaintiff's funds by Defendant's employees, also determines that these particular allegations likewise state a claim under the UCL. *See Candelore v. Tinder, Inc.*, 19 Cal. App. 5th 1138, 1155 (Ct. App. 2018) ("[V]irtually any law or regulation—federal or state, statutory or common law—can serve as a predicate for an 'unlawful' prong violation." (citation modified)); *Zhang v. Superior Court*, 57 Cal. 4th 364, 383 (2013) (Werdegar, J., concurring) ("Under settled precedent, [] common law breaches may provide the predicate for claims under the . . . UCL.").

### G. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the "liberality in granting leave to amend is subject to several limitations." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks omitted). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). In the exercise of its discretion, the Court grants Plaintiff leave to amend to Claims Four (fraud) and Six (IIED). The Court concludes that amendment of Claim Two (gross negligence) would be futile.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES** Claims Two, Four, and Six.

The Court **GRANTS** Plaintiff leave to file a second amended complaint within *fourteen (14) days* of the date of this order, addressing the deficiencies identified here in Claims Four and Six. The amended pleading shall comply with CivLR 15.1. If Plaintiff fails to file an amended pleading within that timeframe, the Amended Complaint will remain the operative pleading, and Defendant's responsive pleading will be due twenty-eight (28) days after the date of this order.

**IT SO ORDERED**.

Dated: November 20, 2025

_____
Hon. Robert S. Huie
United States District Judge