UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI WATSON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No.:  25-cv-00893-RSH-JLB<br><br>**ORDER GRANTING JOINT MOTION WITHDRAWING PROPOSED PROTECTIVE ORDER (ECF 26) AND SUBMITTING STIPULATED PROTECTIVE ORDER FOR ENTRY**<br><br>**[ECF No. 27]** |

Before the Court is a Joint Motion Withdrawing Proposed Protective Order (ECF No. 26), and Submitting Stipulated Protective Order for Entry. (ECF No. 27.)  Good cause appearing, the Joint Motion (ECF No. 27) is **GRANTED**.  Accordingly, the Stipulated Protective Order filed at ECF No 26 is deemed withdrawn, and the Court enters the following Stipulated Protective Order:

### PROTECTIVE ORDER

INTRODUCTION

At least some of the documents and information ("materials") being sought through discovery in the above-captioned Action are normally kept confidential by Plaintiff Lori Watson ("Plaintiff") and Bank of America, N.A. ("Defendant," and together with Plaintiff,

1

the "Parties"). Accordingly, the Parties hereby stipulate to and have agreed to be bound by the terms of this Stipulated Protective Order ("Order") in this Action.

The materials to be exchanged throughout the course of the litigation between the Parties may contain trade secrets, customer information, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, account notes, servicing records, and documents encompassing confidential personal, business, tax, or financial information, information regarding confidential business practices, or other confidential research, development, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable state or local consumer privacy protective laws, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The purpose of this Order is to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice.

DEFINITIONS

1. The term "Action" shall mean the above-captioned civil litigation.

2. The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

3. The term "Confidential Information" will mean and include information or tangible things contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, and requests for admissions, trial testimony,

25-cv-00893-RSH-JLB

deposition testimony, and transcripts of trial testimony and depositions, including any information copied or extracted from Confidential Information, and all copies, data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any Party to which it belongs. This includes, but is not limited to, materials and information as specified in the Introduction.

4. The term "Counsel" will mean Outside Counsel of Record and In-House Counsel, including their support staff.

5. The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean non-public, extremely sensitive "Confidential Information" that is highly proprietary or highly sensitive, disclosure of which to another Party or Non-Party would create a substantial risk of significant competitive or commercial disadvantage, or a substantial risk of harm resulting from misuse of the disclosed information (including but not limited to use for fraudulent, criminal, or otherwise unlawful purposes), that could not be avoided by less restrictive means, including, but not limited to, highly sensitive competitive, financial, or personal information.

7. The term "In-House Counsel" shall mean attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

8. The term "material(s)" includes, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable

25-cv-00893-RSH-JLB

form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

9. "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

10. The term "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

11. The term "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record.

12. The term "Producing Party" shall mean a Party or Non-Party that produces Discovery Material in this Action.

13. "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. "Receiving Party" shall mean a Party that receives Disclosure or Discovery material from a Producing Party.

GENERAL RULES

15. Each Party to this litigation that produces or discloses any Materials, answers to interrogatories, and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    a.    Designation as "CONFIDENTIAL": A Party or Non-Party subject to this Order may only designate documents or other information in this action

4

as "CONFIDENTIAL" if the Designating Party has an articulable, good-faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

b.      Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any Party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Party and its Counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

16.    The Designating Party must designate for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only those parts of Materials, documents, items, or oral or written communications that qualify so that other portions of the Materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

17.    For information produced in documentary form, (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected Material.  If only a portion or portions of Material qualifies for protection, the

Producing Party also must clearly identify the portion(s) (e.g., by making appropriate markings in the margins). In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting Party, the Producing Party must, within a reasonable time prior to producing those Materials to the inspecting Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

18.    Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

a.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] Party will have until fourteen (14) calendar days after receipt of the deposition transcript to inform the other Party or Parties to the Action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.    the disclosing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 21 and 23 below; and

c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

19. For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent  place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

20. All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

21. Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed by the Receiving Party only to:

a. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A; Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have read this Order in advance of disclosure and has executed a copy of the form attached hereto as

25-cv-00893-RSH-JLB

Exhibit A;, and (3) who have followed the procedures set forth in paragraph 22 below;

    b.    the Court and its personnel;

    c.    Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A; and

    d.    any special master, referee, mediator or arbitrator appointed by the Court or selected by the Parties to assist in the resolution of this action.

22. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the Producing Party or by permission of the Court. The Party seeking approval of an independent expert must provide the Producing Party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the Producing Party to the expert. Any objection by the Producing Party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) calendar days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen-day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

23. Information designated "CONFIDENTIAL" may be disclosed by the Receiving Party only to:

    a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b.    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

Action who have read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A;

c.      Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action who have read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A;

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action who have read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A;

g.      During their depositions, any witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Information unless they sign this Order and agree in writing to be bound by its terms, or unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

h.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

24.      With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

///

25-cv-00893-RSH-JLB

25. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the Producing or disclosing Party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

26. Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual. **Parties should not seek to file under seal entire pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.**

Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted. An application to file under seal should specifically address the factual and legal basis for sealing each proposed redaction.

The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.

If a party is seeking to file a document that contains information designated as confidential by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the Designating Party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal. If any party opposes the application to file under seal, that party must, **within one court day**, contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

27. At any stage of these proceedings, any Party or Non-Party may object to a designation of the materials as Confidential Information. The Challenging Party objecting to confidentiality must notify, in writing, Counsel for the Designating Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the Challenging Party and the Designating Party within fourteen (14) calendar

days of receipt of such a notice of objections, the Parties may jointly request the Court's assistance with the dispute in accordance with Judge Burkhardt's Civil Chambers Rules.

28. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this Action. Counsel for each Party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Party in writing, must, without prejudice to any rights and remedies of the other Party, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure, and must request that the person(s) receiving the unauthorized disclosure read this Order and agree in writing to be bound by its terms.

29. No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

30. If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. The Receiving Party must treat the materials as confidential, once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

///

25-cv-00893-RSH-JLB

31. Nothing within this order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is subject to a claim of privilege or other protection. Irrespective of the care taken concerning its production or disclosure, to the extent that any Party produces any documents and information, whether unintentional or otherwise, whether or not marked "CONFIDENTIAL," which contain non-public personal information of third-parties (NPPI) and/or documents and things protected by any privilege or immunity (including, but not limited to, the attorney-client privilege, the work product doctrine, the privilege of self-critical analysis, bank examination privilege, and under any bank secrecy laws or regulations), such production is not intended to be, and shall not be construed to be, a waiver of any such privilege or protection. Upon notice or discovery of such materials subject to this paragraph, the Receiving Party will immediately refrain from reading or otherwise reviewing such materials and will not use, disclose or disseminate the materials in any way and the materials will be promptly returned to the Producing Party or destroyed (including all metadata associated therewith), and no copies shall be kept by the Receiving Party.

32. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

33. This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

34. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

25-cv-00893-RSH-JLB

35.    Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

36.    Upon final termination of this Action, including any and all appeals, Counsel for each Party must, within sixty (60) days of a written request of the Producing Party, return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Receiving Party, and must purge all such information from all machine-readable media on which it resides. Final termination shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

///

///

13

37.    Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

38.    Even after final termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

39.    The restrictions and obligations set forth within this order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party. Prior knowledge must be established by pre-production documentation.

40.    The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

41.    Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

42.    If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    a.    promptly (i.e., within no less than five (5) business days) notify, in writing, the Designating Party, in writing, and include a copy of the subpoena or Court order;

    b.    promptly (i.e., within no less than five (5) business days) notify, in writing, the person or entity that issued the subpoena or order in the other

25-cv-00893-RSH-JLB

litigation that some or all of the material covered by the subpoena or order is subject to this Order, and include a copy of this Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

43. If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

44. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

45. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

///

///

25-cv-00893-RSH-JLB

b.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.    make the information requested available for inspection by the Non-Party, if requested.

46.    If the Non-Party fails to seek a protective order from this Court within thirty (30) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

47.    This Order may be modified by agreement of the Parties, subject to approval by the Court.

48.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

49.    Without separate court order, this Order and the parties' joint motion do not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Dated:  February 19, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

25-cv-00893-RSH-JLB

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on _____ (date), in the case of *Watson v. Bank of America, N.A.*, No. 25-cv-00893-RSH-JLB. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name:

Signature:

Date:

17

25-cv-00893-RSH-JLB